Welch, J.
On June 11, 1990, plaintiffs, Mary Marino and her husband Sebastian Marino, attended the Andover Town Meeting at the Collins Center for the Performing Arts. Plaintiffs allege that upon exiting the auditorium, Mrs. Marino fell in an aisle leading to the door. Plaintiffs further allege that the carpet in the Collins Center was defective and that a loose carpet seam in the auditorium caused Mrs. Marino to fall. The plaintiff Mary Marino brought this action to recover for personal injuries she allegedly sustained when she fell on June 11, 1990. Her husband, Sebastian Marino, seeks to recover for loss of his wife’s consortium allegedly resulting from the injury.
Defendants M. Frank Higgins Company, Inc. and Peabody Construction Company now move for summary judgment, arguing as a matter of law that the plaintiffs’ action against it is barred by the Statute of Repose, M.G.L.c. 260, §2B. A hearing on this matter was held before me on September 13, 1994. For the following reasons, both defendant M. Frank Higgins Company, Inc.’s and Defendant Peabody Construction’s motions for summary judgment will be ALLOWED.
FACTS
Peabody Construction Company, Inc. was the general contractor for the construction of the Collins Center for the Performing Arts, Andover, MA. The Town of Andover awarded the general contract to Peabody Construction Company (Peabody) in 1981 and Peabody began construction on the project that year.
M. Frank Higgins Company (Higgins) was the subcontractor hired by Peabody to install carpeting in the newly constructed Collins Center. Higgins cut the carpet to the precise specifications and glued the carpeting to the cement floors of the auditorium and sealed all seams with sealant. Higgins began installing the carpeting on or about June 23, 1983 and completed the installation on or about August 16, 1983. Construction of the Collins Center was completed on or about August 18, 1983. The Town of Andover accepted the project from Peabody Construction in 1983, and opened the Collins Center for Performing Arts to the Andover High School Students in 1983.
Plaintiffs, Mary and Sebastian Marino, commenced this action in April 1992.
LEGAL DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 15, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
Massachusetts General Laws chapter 260, §2B
In the present case, both M. Frank Higgins Company and Peabody Construction Company contend that Mr. and Mrs. Marino’s suit is barred by the Statute of Repose, M.G.L.c. 260, §2B, because the Marinos commenced this action more than six years after the carpet was installed and the Collins Center for the Performing Arts was constructed. I find that as the general contractor, Peabody Construction Company and the subcontractor, M. Franks Higgins Company, are the type of parties protected by the statute. Even if M. Frank Higgins Company is considered a supplier of the carpet, its actions as supplier were subsidiary to its role as a subcontractor.
M.G.L.c. 260, §2B, “precludes recovery against those within the protection of the statute for any injury which occurs more than six years after the' performance or furnishing of the design, planning construction or general administration[1] of an improvement to real property.” Klein v. Catalano, 386 Mass. 701, 702 (1982).
“When faced with the question of whether the defendant is entitled to repose under M.G.L.c. 260 §2B, *28 the first question to be answered is ‘Is the defendant a protected actor under M.G.L.c. 260 §2B?’ ” Snow v. Harnischfeger Corp., 12 F.3d 1154, 1161 (1st Cir. 1993). The Supreme Judicial Court has further articulated that §2B was intended to protect providers of “ ‘individual expertise’ akin to those commonly thought to be performed by architects and contractors — that is to say, parties who render particularized services for the design and construction of particular improvements to particular pieces of real property.” McDonough v. Marr Scaffolding Co., 412 Mass. 636, 641-42 (1992), citing Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 696 (1987).
In addition, the Supreme Judicial Court has recognized the compound nature of a company’s role as contractor/designer and manufacturer. McDonough supra, at 641-42 (an actor such as a manufacturer or supplier may be protected if that actor becomes more than a “mere” supplier by engaging in protected activities). The Court found that “in addition to whatever acts Marr carried out as a supplier of the bleachers to the rink, it performed particularized construction services in assembling and installing the bleachers.” McDonough supra, at 642. Similar to position of Marr Scaffolding Company in McDonough, the M. Higgins Company performed particularized services when it measured, cut and installed the carpet in the Collins Center for Performing Arts. The M. Higgins Company’s primary role on the project was that as contractor, and any role it took on as supplier was incidental thereto.
Applying these principles to the present case, I conclude that the M. Higgins Company’s actions were more than those of a “mere” supplier or materialman. The M. Higgins Company engaged in protected activities when it prepared, installed, as well as supplied, the carpet to the Collins Center of Performing Arts. Viewing M. Higgins Company’s actions collectively bring it as well as the Peabody Construction Company within the protection of the statute.
The remaining issue that this Court must address is whether or not the installation of carpeting glued and sealed to the cement floors of an auditorium constitutes an “improvement to real property” under M.G.L.c. 260, §2B.
Massachusetts courts have interpreted the phrase “improvement to real property” to mean a “permanent addition to or betterment of real properly that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Conley v. Scotts Products, Inc., 410 Mass. 645, 647 (1988) (quoting Webster’s Third New International Dictionary 1138 (1971)); see also Dighton, 399 Mass, at 697. Applying this definition, Massachusetts courts have held that foam insulation and bleachers constitute “improvements to real properly” under §2B. See Conley, 401 Mass, at 647 (foam insulation); McDonough, 412 Mass, at 640 (bleachers). As well, the First Circuit, construing Massachusetts law, has found that installation of overhead cranes in an engineering plant to constitute an “improvement” under M.G.L.c. 260 §2B. Snow supra.
Applying the above principles, I find that the installation of carpet in this case is a betterment of a relatively permanent nature. I believe that the language “permanent addition to or betterment of real property” must be read together. I do not read the “or” as disjunctive. Rather, I consider the relatively permanent nature of the carpet glued down to the cement floors with the all seams sealed with sealant as an essential factor bringing the installation of the carpet in this case within the definition of “improvement” under M.G.L.c. 260, §2B.
The installation of carpeting in accordance with the general contractor’s specifications is far more than an “ordinary repair.” This is the type of fixture installed by the type of parties that falls within the heart of the statute.
It is uncontested that the Marinos commenced this suit more than six years after the installation of the carpet and construction of the Collins Performing Arts Center. The Marinos’ tort claims are barred by M.G.L.c. 260, §2B.
ORDER
For the foregoing reasons, the motions of M. Frank Higgins Company, Inc. and Peabody Construction Company, Inc. for summary judgment on the claims of Mr. and Mrs. Marino are ALLOWED.

This court’s emphasis.