Haggerty, J.
This action arises out of an incident in which a hot water tank allegedly leaked and caused significant damage to the plaintiffs property and office space. The plaintiff, Apex Computers, Inc. (“Apex”), brought this action alleging negligence (Count I) and breach of warranty (Counts II, III and IV) against Nally Heating and Plumbing (“Nally”), the tank supplier and installer, and Alex Tsitos (“Tsitos"), the property owner. Nally now moves for summary judgment, pursuant to Mass.R.Civ.P. 56, on Counts I-IV. For the following reasons, the Defendant Nally’s motion for summary judgment is ALLOWED.
BACKGROUND
In December 1992, Tsitos, who owned two adjacent and connected pieces of property, 105Aand 109 Ferry Street in Malden, Massachusetts, contacted Nally. Tsitos asked Nally to install five gas hot water heaters on the second floor of 105A Ferry Street. On December 30, 1992, Nally got a permit from the City of Malden to install the hot water heaters. After Nally had finished installing the hot water heaters on the second floor, it also installed two hot water heaters on the first floor of 109 Ferry Street,[2] where the plaintiff was a commercial tenant. Nally never obtained a permit to do this job. Nally completed all the work in May 1993.
On July 14, 1998, there was a leak in one of the first floor hot water heaters at 105 Ferry Street. This caused Apex significant property damage. Apex subsequently filed this lawsuit on May 1, 2000, approximately seven years after Nally had finished installing all the hot water heaters.
DISCUSSION
The court grants summary judgment, pursuant to Mass.R.Civ.P. 56, where there are no genuine issues of material fact, and if viewing the entire record in the light most favorable to the non-moving party, the moving party demonstrates it is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party has the burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Parent v. Stone & Webster Engine Corp., 408 Mass. 108, 112 (1990). This court considers the pleadings, affidavits, answers to interrogatories, depositions, and exhibits submitted in arriving at its conclusion on this motion. Mass.R.Civ.P. 56(c).
I. Negligence
The statute of repose, G.L.c. 260, §2B,[3] is intended “to protect providers of ‘individual expertise’ in the business of designing, planning, constructing, and administering improvements to real property.” Dighton v. Federal Pacific Elec. Co., 399 Mass. 687, 695 (1987). It requires a party to file an action for damages arising out of a deficiency in design, construction, or general administration within six years after performance or completion of the work. See Conley v. Scott Products, 401 Mass. 645, 646 (1988). Determining whether Nally is protected by the statute of repose is question of law. See Snow v. Harnischfeger Corp., 12 F.3d 1154, 1158 (1st Cir. 1993). Apex filed this lawsuit in May 2000, seven years after Nally had completed the work. Thus, Apex cannot pursue this cause of action if Nally is a protected actor under the statute and its work constituted an improvement to real property.
The statute of repose covers architects, engineers, contractors, and any other actors involved in the design, construction, or general administration of the improvement to real property. See Dighton v. Federal Pac. Elec. Co., 399 Mass. 687, 694 (1987). It does not apply, however, to mere suppliers. See Id., at 695. In addition to supplying the goods, the actor must also have provided “particularized construction services.” See McDonough v. Marr Scaffolding Co., 412 Mass. 636, 642 (1992) (where the court found that a defendant who assembled and installed bleachers at an ice rink was covered by the statute of repose).
In the case at bar, Nally not only supplied the hot water heaters, it also installed them and performed all the plumbing work required for the installation. The statute of repose covers such construction services. Accordingly, Nally was a protected actor.
Nally must also have performed some improvement to the real property to be covered by the statute. An improvement, although not explicitly defined by the statute, has been interpreted by case law to mean “a *271 permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Conley v. Scott Products, Inc., 401 Mass. 645, 647 (1988) (installation of foam insulation is an improvement), quoting Webster’s Third New Int’l Dictionary 1138 (1961). See also Parent v. Stone & Webster Eng. Co., 408 Mass. 108, 111 (1990) (where defendant installed electrical distribution panel, defendant met improvement requirement).
Nally installed hot water heaters as a permanent addition to the real property. This involved the expenditure of both labor and money. Furthermore, the hot water heaters enhanced the property’s capital value. Hence, the installation of the hot water tanks was an improvement to the real property.
Apex argues that this court should rely on the court’s reasoning in Pereira v. Rheem Manufacturing Co., 1996 WL 414020, 5 Mass. L. Rptr. 477 (Mass.Super. 1996), and conclude that the installation of the hot water heaters was not an improvement. The facts in the case are bar, however, are easily distinguishable from the facts in Pereira. In Periera, the defendants did not install a new appliance that had never been a part of the property. The defendant merely replaced an existing hot water heater that had broken, which is simply an ordinary repair. Pereira, 1996 WL 414020, * 1. Nally, on the other hand, was not repairing or replacing an old hot water heater. Nally installed a new hot water heater where there had not been one before. Thus, Nally’s work constituted an improvement to the real property rather than an ordinary repair.
Since Nally was a protected actor who constructed an improvement to real property pursuant G.L.c. 260, §2B, and the plaintiff failed to file the current action within the six-year statutory limit, the plaintiffs negligence action against Nally is barred.
II. Breach of Warranty Counts
Nally has also moved to dismiss the breach of implied warranty counts and the breach of express warranty count. Nally claims these counts are also barred by the statute of repose. A party cannot “recast [a] negligence claim in the form of a warranty claim in order to circumvent the operation of the repose statute.” McDonough, 412 Mass. at 642-43. The court looks to the “gist of the action” in determining whether the claim is, in essence, a tort claim that has been written in a warranty fashion. See Anthony’s Pier Four, Inc. v. Crandell Dry Dock Engineers, Inc., 396 Mass. 818, 823 (1986).
Apex argues that Nally breached an express warranty that all work would be completed “in a workmanlike manner according to standard practices.” This promise is not am express warranty because it does not impose a "higher duty on the defendant than those inherent in all such contracts.” Klein v. Catalano, 386 Mass. 701, 718 (1982). Thus, the alleged express warranty is nothing more than an implied warranty.
Implied warranties are also barred by G.L.c. 260, §2B because allowing a party to draft a tort claim that is barred by the statute of repose in the form of a breach of implied warranty claim would “nullify the purpose of the repose provision altogether.” McDonough, 412 Mass. at 642-43. The statute of repose bars the plaintiffs negligence claim against Nally and, hence, it also bars all breach of implied warranty claims against Nally which sound in tort.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment on Counts I-IV is ALLOWED.

 Although Nally denies installation of the two tanks on the first floor in its answer to the complaint, it admits to installation for purposes of the Rule 56 motion.

 G.L.c. 260, §2B states in relevant part:
Action of tort of damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates of: (1) the opening of the improvements to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.