Connolly, J.
INTRODUCTION
The plaintiff, Jefferson Purcell (plaintiff or Purcell), filed this claim against the defendant, Norco Manufacturing Corporation (defendant or Norco), seeking damages resulting from an incident whereby a hangar door manufactured by the defendant seriously injured the plaintiff during the course of his employment with Jet Aviation at Hanscom Airfield in Bedford, Massachusetts. The plaintiffs complaint alleges negligence (count I) and breach of warranty (count II). The defendant filed this motion for summary judgment as to each of the plaintiffs claims on the basis that they are barred by G.L.c. 260, §2B. For the following reasons, the defendant’s Motion for Summary Judgment is DENIED.
FACTUAL BACKGROUND
The following facts are viewed in the light most favorable to the plaintiff. Norco is a Wisconsin corporation which manufactures hangar door systems. In 1985 Norco contracted to manufacture a hangar door to be installed in a hangar being built for Jet Aviation at Hanscom Airfield in Bedford, Massachusetts. Norco sold the hangar door built to fit the Jet Aviation Facility, to Varco-Pruden, the construction contractor for the Jet Aviation hangar project.
Norco’s usual practice is to receive specifications from the architect on a project prior to manufacturing a door system. The specifications Norco generally requires are the size of the door opening, the wind load in the area, the voltage, the location of the structural supports that hold up the door, and the aesthetic qualities of the door’s exterior. After receiving measurements for a project, Norco sends drawings to the customer for approval or changes. Once the project is approved, Norco manufactures components of the doors, purchases many of the door’s components from various vendors and then ships the components to the project site. Norco does not assemble doors prior to shipping and only under rare circumstances does Norco aid in the installation of a door that it manufactures.
*234 The only specifications that Norco received from the architect prior to the Jet Aviation project were the dimensions of the opening of the doorway for the hangar. No representative of Norco ever visited the project at the Jet Aviation facility. In February of 1986, Norco shipped the component parts of the hangar door system to Jet Aviation. According to its usual practice, Norco did not assemble or install the hangar door that it supplied. The parts were assembled and installed by Structure & Design, Inc., the contractor on the project at that time. The construction of the Jet Aviation hangar project was completed in 1986.
In January 2000, the plaintiff, an employee of Jet Aviation, was seriously injured by the hangar door manufactured and sold by the defendant. The plaintiff opened the hangar door and paused while a coworker passed. The plaintiff then pressed the operating switch to automatically close the door, lost his balance while exiting the hangar, and became pinned. The plaintiffs theory is that the hangar door was negligently manufactured, distributed and sold by the defendant because the door should have included a constant pressure switch to close the door, which would have allowed the door to stop closing when the plaintiff lost his balance and released the switch.[1] The plaintiffs breach of warranty claim is based on the assertion that at some time after the sale of the door, the defendant knew of the dangers of using such a product and failed to provide a warning of such danger.[2]
DISCUSSION
Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The facts at summary judgment must be viewed in the light most favorable to the nonmoving party. Williams v. Hartman, 413 Mass. 398, 401 (1992). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of genuine issues of material fact in order to defeat the motion. Pederson, 404 Mass, at 17. The opposing party may not rest upon the pleadings or mere assertions of disputed facts but must present definite, competent evidence to rebut the motion. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986); LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The defendant argues that as a matter of law, Purcell’s suit against it is barred by G.L.c. 260, §2B, the Massachusetts statute of repose. General Laws c. 260, §2B provides in pertinent part:
Action of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property... shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the earlier of the dates: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
To determine whether a defendant falls within the purview of G.L.c. 260, §2B, a court must first decide whether the service provided was an improvement to real property. Rosario v. M.V. Knowlton Co., 54 Mass.App.Ct. 796, 799-800 (2002). If the answer to that question is in the affirmative, the court must determine whether the defendant’s actions can be considered part of the design, planning or construction of the project so as to allow it to fall under the protections afforded by G.L.c. 260, §2B. Id. As the parties do not dispute that the hangar door project is an improvement to real property, the critical issue is whether Norco is a protected actor under the statute of repose. If Norco is considered a protected actor, the plaintiffs claim will fail as a matter of law, as it was indisputably filed after the six-year limitations period provided under G.L.c. 260, §2B.
Protected Actor Under G.L.c. 260, §2B
“The legislature enacted G.L.c. 260, §2B, to limit the liability of architects, engineers, contractors, or others involved in the design, planning, construction, or general administration of an improvement to real property.” Klein v. Catalano, 386 Mass. 701, 720 (1982). This protection was provided “because the inspection, supervision and observation of construction by architects and contractors involves individual expertise not susceptible of the quality control standards of the factory.” Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 695 (1987). Section 2B was not designed to protect mere suppliers or materialmen, but was intended to apply to those who render individual expertise or particularized services in the design or construction of improvements to real property. Id. at 696. The parties dispute whether the defendant is a mere supplier or whether it performed individual expertise or particularized services in designing the hangar door. Thus, whether the statute of repose bars the plaintiffs claim will depend on whether the record before this court shows that there is no genuine issue as to whether the defendant was involved in the design, planning or construction of this improvement to real property. Rosario, 54 Mass.App.Ct. at 799.
The court will often look to the motivation of the supplier to determine whether it is protected by G.L.c. 260, §2B. Snow v. Harnischfeger, 12 F.3d 1154, 1160 (1st Cir. 1993). If the improvement is designed for only one project and not for public sale, its designer may be protected by the statute. Id. In some cases, suppliers of building components have been held to be *235 protected by G.L.c. 260, §2B due to the actions they perform in addition to supplying the component for a project. See McDonough v. Marr Scaffolding Co., 412 Mass. 636, 642 (1992) (supplier of bleachers protected by §2B because “it performed particularized construction services in assembling and installing bleachers”); Rosario, 54 Mass.App.Ct. at 802 (lift supplier protected by §2B because it made calculations necessary for design of lift, inspected facility and progress of improvements 8-10times, and installed lift at job site). However, not all suppliers of particularized products have been found to be protected actors under the statute of repose. See Fine v. Huygens, DiMella, Shaffer & Associates, 57 Mass.App.Ct. 397, 403-04 (2003) (window supplier not protected by §2B because defendant simply cut its standard products to fit a particular project and did not provide any other particularized services in supplying the windows).
Upon review of the evidence in the record, viewed in the light most favorable to the plaintiff, this court holds as a matter of law, that the defendant did not provide individual expertise or particularized services in supplying the hangar door for the Jet Aviation hangar project. The record indicates that the only information provided to Norco by the architect were the measurements of the opening where the door was to be installed. Norco did not assemble the hangar door prior to shipping and at no time did a representative from Norco visit the Jet Aviation project to provide any individual expertise or guidance. The door was shipped to Structure & Design, Inc., who was responsible for assembly and installation. Furthermore, Richard Ehmcke, Vice-President of Norco, testified that a number of components of the doors that Norco manufactures are purchased from other suppliers. It is evident that the only services provided by Norco were to receive measurements of the door frame, review the architect’s drawings, order parts for the project, and ship the unassembled hangar door to Jet Aviation.[3]
The defendant cites a number of cases in which suppliers or designers were held to be protected by G.L.c. 260, §2B. McDonough v. Marr Scaffolding Co., 412 Mass. 636 (1992); Cournoyer v. Massachusetts Bay Transp. Auth., 744 F.2d 208 (1st Cir. 1984); Snow v. Harnischfeger Corp., 12 F.3d 1154 (1st Cir. 1993). However, each of these cases suggests that some service other than merely receiving measurements and supplying a product is needed to fall within the protection of G.L.c. 260, §2B. See McDonough, 412 Mass, at 642; Cournoyer, 744 F.2d at 210; Snow, 12 F.3d at 1160. The fact that the hangar door provided by Norco was specifically manufactured for the Jet Aviation project and could only be used at Jet Aviation is insufficient in itself to bring Norco into the purview of G.L.c. 260, §2B. See Fine, 57 Mass.App.Ct. at 403 (defendant who provided windows measured to fit only one project not protected by §2B despite the fact that the sill receptors were custom made).
Furthermore, the services performed by Norco are not the type of individual expertise that the legislature intended to be protected by G.L.c. 260, §2B. The statute was enacted because architects and contractors are not afforded the opportunity to enact quality control procedures which are often available at a factory. Dighton, 399 Mass, at 695. A manufacturing facility such as Norco was not intended to benefit from the protections of the statute of repose because it has the ability to implement quality control procedures. Indeed, Richard Ehmcke testified that Norco has quality control procedures in place to ensure that the doors it manufactures are working properly.
The evidence in the record indicates that Norco provided Jet Aviation with its standard product cut to fit the hangar at Jet Aviation. As Norco did not perform any particularized services or provide any individual expertise in supplying this improvement to real property, it cannot be considered a protected actor under the statute of repose. Therefore, the plaintiffs claims are not barred by G.L.c. 260, §2B.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Summary Judgment is DENIED.

 It is notable that Richard Ehmcke, Vice President of Norco, testified in his deposition that in 1985 all of Norco’s doors operated automatically. Mr. Ehmcke testified that in the early 1990s, Norco stopped selling doors that automatically open and close, and no longer recommends an automatic door system. Furthermore, Norco’s current practice if a customer insists on purchasing a door that opens automatically, is to make the buyer sign a hold harmless agreement prior to shipping. While these facts are not material as to whether Norco is a protected actor under the statute of repose, they do provide insight into Norco’s knowledge that it was manufacturing a dangerous product.

 The plaintiff argues that even if its negligence claim is barred by G.L.c. 260, §2B, its breach of warranty claim is not barred by the statute of repose because it is based on a theory of continuing duty to warn and does not allege the same elements as the negligence claim. As this court holds that the defendant is not a protected actor under G.L.c. 260, §2B, there is no reason to reach this issue.

 Norco attempts to inflate the degree to which it provided individual expertise and acted as a designer of a highly specialized hangar door. The only evidence provided by the defendant at summary judgment is an affidavit by Richard Ehmcke, Vice-President of Norco. Mr. Ehmcke made statements in his affidavit that “each hangar door is custom-designed and fabricated,” that “Norco manufactures all of the various parts of the hangar doors system,” and “as a general rule Norco will assist in the supervision of the installation of a hangar door system.” These statements contradict Mr. Ehmcke’s sworn testimony at his deposition. To the extent that the statements in the affidavit contradict earlier deposition testimony, they will be disregarded by the court. See O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993) (a party’s affidavit cannot be used at summary judgment to contradict previous statements made by that party under oath).