JAMES CONLEY & another[1] vs. SCOTT PRODUCTS, INC.

Middlesex.    November 5, 1987. — February 9, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence*, Statute of repose, Hazardous substance. *Words*, "Improvement to real property."

The installation of ureaformaldehyde foam insulation in a dwelling house constituted an "improvement to real property" within the meaning of the statute of repose contained in G. L. c. 260, § 2B, as amended by St. 1973, c. 777, § 2, with the result that where more than six years had elapsed between the installation of such insulation and the commencement of an action for resulting injuries, summary judgment was properly granted for the defendant. [646-647]

CIVIL ACTION commenced in the Waltham Division of the District Court Department on February 8, 1984.

On removal to the Superior Court Department the case was heard by *Hiller B. Zobel*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alfred E. Nugent* for the plaintiffs.

*Timothy P. Wickstrom* for the defendant.

O'CONNOR, J. This is an appeal from a grant of summary judgment for the defendant based on the statute of repose contained in G. L. c. 260, § 2B, as amended by St. 1973, c. 777, § 2. We transferred the case from the Appeals Court on our own motion. We affirm the judgment.

In February, 1984, the plaintiffs commenced this action for property damage to their home and for personal injury to the plaintiff Mary Conley. The harm allegedly was caused by the defendant's faulty installation of ureaformaldehyde foam insu-

---

[1] Mary Conley.

lation (UFFI) in the plaintiffs' home more than six years before February, 1984. The defendant moved for summary judgment grounded on both the three-year limitation of actions provision and the six-year repose provision of G. L. c. 260, § 2B. A judge of the Superior Court denied the motion, but thereafter, on reconsideration, allowed it, and judgment was entered for the defendant, thus generating this appeal.

Mary Conley's answers to interrogatories establish that the defendant installed UFFI in the plaintiffs' home on November 28, 1977. According to Mary Conley's answer to an interrogatory, "[c]hemicals and insulation (catalyst foaming agent combined with compressed air and urea formaldehyde resin) were mixed inside a commercial truck (Mobil trailer type vehicle) then pumped through hoses into the exterior walls of [the] house in a liquid form."

In February, 1984, when this action was brought, G. L. c. 260, § 2B, provided in relevant part as follows: "Actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after the performance or furnishing of such design, planning, construction or general administration." [2]

The second clause of § 2B is a repose provision imposing an absolute limit on the time within which actions to which it refers may be brought, irrespective of when the plaintiff was injured or discovered the wrong. *Klein* v. *Catalano*, 386 Mass. 701, 702 (1982). Since more than six years elapsed between the installation of the insulation and the commencement of this action, the only arguable question is whether the repose provision applies to this case.

---

[2] General Laws c. 260, § 2B, was amended by St. 1984, c. 484, § 53, effective April 7, 1985. The statute as amended does not apply to this case. See *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628 (1974). In any event, the resolution of this case would not have been different if the statute, as amended, applied.

The repose provision applies to this case if the installation of insulation in a building constitutes "construction . . . of an improvement to real property" within the meaning of § 2B. We conclude that it does. "Section 2B was intended . . . to apply . . . to parties who render particularized services for the design and construction of particular improvements to particular pieces of real property." *Dighton* v. *Federal Pac. Elec. Co.*, 399 Mass. 687, 696 (1987). Although the word "improvement" is not defined in the statute, this court and the Appeals Court have previously found the definition found in Webster's Third New Int'l Dictionary 1138 (1961) helpful: "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." See *Milligan* v. *Tibbetts Eng'g Corp.*, 391 Mass. 364, 368 (1984); *Raffel* v. *Perley*, 14 Mass. App. Ct. 242, 245 (1982). We are satisfied that this tort action arises out of an alleged deficiency or neglect in the construction of an improvement to real property. We see no significant distinction, and the plaintiffs suggest none, between this case and *Salinsky* v. *Perma-Home Corp.*, 15 Mass. App. Ct. 193, 198-199 (1983), a case in which the Appeals Court held that the installation of aluminum siding was within the statute.

*Judgment affirmed.*