Kane, J.
Underlying this appeal is an action filed in December 1988 against a contractor for negligence, breach of contract, and violation of 93A. Summary judgment entered against the plaintiff on the negligence and 93A counts, and a trial judgment entered against Mr. Page on the breach of contract claim under the common ruling that the actions were barred by statutes of limitation. This appeal challenges those rulings.
We begin our review with an examination of the trial judge’s written decision. In his findings of fact, the trial judge determined that Mr. Page, acting as a general contractor, orally contracted with Mr. Huntoon for the installation of Sheetrock on an addition to Page’s home. Finding that the work had been completed by October of 1982, the judge ruled that this action was barred unless the defective work was inherently unknowable or the defendant had concealed the defect or prevented the plaintiff from discovering it. These tolling conditions were inapplicable, the Court ruled, as the plaintiff, an expert in spray painting, had complained in October of 1982 to the defendant on his defective application of primer to the Sheetrock.
Although not contained in his decision, the trial judge’s report discloses additional evidence on the parties’ agreements and subsequent acts. According to the report, the defendant expressly warranted that the work would match the quality of previous work and that he “would stand behind his work.” Once notified by Page of workmanship complaints, the defendant renewed this promise to stand behind the work. Influenced by this reaffirmation, Page allowed Huntoon to finish the job. By 1985, though, the paint began flaking and peeling and, in 1986 and 1987, the peeling and flaking increased and spread through the first and third floors. Inspection by Sherwin-Williams through an electronic microscope disclosed the cause of the flaking and peeling to be an overly thick primer application. Notified of the Sherwin-Williams finding, the defendant failed to correct the work and ultimately refused, suggesting *11 that the products, not the workmanship, were flawed.
Massachusetts General Laws Chapter 260, §2A, allows three years for filing a negligence action. “A negligence action ... in [general] accrues when the [act] happens and the person is injured.” International Mobiles Corp. v. Corroon and Black/Fairfield and Ellis, Inc., 29 Mass. App. Ct. 215, 218 (1990). However, where the negligence or harm is unknowable, the limitations’ clock starts upon the happening of an event “likely to put the plaintiff on notice” that a negligent act took place and that “appreciable harm was sustained.” Id. at 218.
Defendant suggests that we need not compute this negligence count’s starting date, as this action in any event is barred by M.G.L Chapter 260, §2B, a statute of repose.[1] Like any repose statute, 2B’s time limit of six years constitutes an “absolute limit... within which a tort action concerning construction of an improvement to real property may be brought irrespective of when the plaintiff was injured or discovered the wrong.” Conley v. Scott Products, Inc., 401 Mass. 645, 646 (1988). Improvement is defined under Appellate holdings and in Webster’s Dictionary as “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Id. at 647. Similar to installation of aluminum siding or insulation, the installation of Sheetrock enhances an addition’s capital value, is designed to make the property more valuable and is clearly distinguished from ordinary repairs. See Id. at 647. These particular services for Mr. Page’s home fall within the ambit of c. 260, §2B, and this action, filed beyond the six-year limit, is barred by force of that statute.
We now turn to the contract count M.G.Lc. 260, §2, allows she years for filing a contract claim. A contract action for purposes of §2 accrues “at the time of breach... and this rule applies even though a specific amount of damage is unascertainable at the time of breach or even if damages may not be sustained until a later time.” International Mobiles Corp., Id. at 221; also see DiGregorio v. Commonwealth, 10 Mass. App. Ct. 861, 62 (1980); Campanella & Cardi Construction Co. v. Commonwealth, 351 Mass. 184, 187 (1966). Under this time line, summary judgment was correct, as the breach occurred and was complained of in October, 1982, over six years before the filing of this complaint
This bar, though, plaintiffs counsel argues, is avoided by the additional promise of defendant to stand behind his work that was not breached until 1987 when the defendant refused to correct the work. “‘Plaintiffs argument is in essence that by failing to remedy its first breach, the defendant committed a second breach, giving rise to a brand-new cause of action and starting anew the limitations period. The fallacy of this approach is apparent. If we adopted plaintiffs position, limitations periods could be extended for virtually infinite time. We doubt that the Legislature intended such a result.’” New England Power v. Riley Stoker Corp., 20 Mass. App. Ct. 25, 30-31 (1985), quoting Centennial Ins. Co. v. General Elec. Co., 77 Mich. App. at 172, 253 N.W.2d 696.
The 93A count sets forth as unfair or deceptive acts:[2] “ (1) misrepresentation as to the work to be performed; (2) failing to disclose all facts pertinent to the transaction; (3) misrepresentation that work had been properly completed when in fact it had not; (4) misrepresentation that work would be properly supervised when in fact it was not; (5) failing to furnish goods and services for which payment had been made;... (6) failing to perform or fulfill promises and obligations arising under the express and implied warranties of the contract.” As the “gist or essential nature” of the four initial *12 claims is one of tort, M.G.Lc. 260, §2B bars these claims. Anthony’s Pier Four, Inc. v. Crandall Drydock Engineering, Inc., 396 Mass. 819 (1986); also see Hendrickson v. Sears, 365 Mass. 83, 86 (1974). This leaves two 93A claims whose starting date under the four-year 93A limitations statute is determined by the nature of the claims. See International Mobiles Corp. at 221. As the gist or essential nature of these two claims is one of contract whose starting point is notice of the breach, these two claims are barred by 93A’s four-year requirement Anthony’s Pier Four, Inc. v. Crandall Drydock Engineering, Inc., 396 Mass. 819 (1986); also see Hendrickson v. Sears, 365 Mass. 83, 86 (1974).
Judgments for defendant are affirmed, and the report is dismissed.

 In reviewing summary judgment, Appellate review is not limited to the motion judge’s stated reason but extends to any ground supporting the judgment. See Hanson Housing Authority v. Dryvit Systems, Inc., 29 Mass. App. Ct. 440, 444 (1990); Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1988).

 Plaintiffs complaint