Cratsley, J.
BACKGROUND
This matter is before the court on defendant’s, Giant Lift Equipment Manufacturing Company, Inc.’s (“Giant Lift”), motion for summary judgment on Counts Four and Five of the Complaint. Giant Lift is a Massachusetts corporation which custom designs and manufactures material handling equipment such as conveyors and hydraulic lifts. On December 14, 1990 plaintiff Michael Ford, was injured when he fell from a hydraulic lift (“the Lift”) in the building which was occupied by his employer, Pizza Romano, Inc., and which is located at 28 Damrell Street, South Boston (“the Premises”). Plaintiff claims that Giant Lift (1) negligently designed and manufactured the Lift through its failure to install guardrails, and (2) breached certain warranties made to plaintiff.
FACTS
Giant Lift custom designed and manufactured the Lift in May 1973 pursuant to specifications provided by Barry Hyman Co., Inc. (“Hyman”), a business located at 144 Old Colony Avenue, Boston. Giant Lift shipped the Lift to the Premises on June 1, 1973, where Hyman installed it soon thereafter. Giant Lift guaranteed its workmanship and materials for ninety days from the date of the sale, but performed no other work on the Lift from June 1, 1973 to the date of plaintiffs accident in December 1990.
DISCUSSION
Summary judgment shall be granted where there is no real dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The facts as previously stated present no genuine issue as to any material fact.
Under G.L.c. 260, §2B, tort actions arising out of the design, planning, construction or general administration of improvements to real property must be commenced within three years after the cause of action accrues. However,
in no event shall such actions be commenced more than six years after the earlier of the dates of (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.
G.L.c. 260, §2B (“the Statute”). Thus, “after six years, the statute completely eliminates a cause of action against certain persons in the construction industry.” Klein v. Catalano, 386 Mass. 701, 702 (1982). It is uncontested that the plaintiff has filed his claim against Giant Lift more than six years after the Lift was either “opened to use” at the Premises or “substantially completed” and delivered to the owner. However, plaintiff contends that Giant Lift is not covered by the statute. Therefore, the only legal question before this Court is whether or not the Statute applies to the activities of Giant Lift in the design, planning and construction of the Lift.
In Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 694 (1987), the Supreme Judicial Court utilized a two-part analysis in determining whether or not a particular actor was protected from liability under the Statute. Under the Dighton test a court must determine (1) whether the actor is within the class of parties protected by the Statute, and (2) whether the acts are “comprehended within the statutory reference to ‘design planning, construction, or general administration of an improvement to real property.’ ” Id.
Regarding the first prong of its test, the Dighton Court reasoned that the Statute was intended to provide an absolute outer limit on the liability for certain parties “who render particularized services for the design and construction of particular improvements to particular pieces of real property.” Id. at 696. The Statute was not intended to extend to those parties who act solely as suppliers of goods or materialmen. Id. at 695. In Klein the Supreme Judicial Court reasoned that, unlike suppliers or manufacturers who can maintain high quality control standards in the factory, architects, contractors and other design engineers have little opportunity to pretest and standardize construction designs. Allowing for unlimited liability against these parties might stifle their creativity and, thus, the development of new, innovative ideas. 386 Mass. at 716-17. The Klein Court also reasoned that after work is completed and accepted by the owner an architect or contractor will usually not have possession or control of the premises in order to inspect the improvement and guard against its abuse, *413 unskilled repair, or improper modification. Id. at 715-16; see also Cournoyer v. Massachusetts Bay Transp. Auth., 744 F.2d 208, 211 (1st Cir. 1984) (holding that under Klein the applicability of the Statute turns not on whether the improvement was prefabricated, but whether the manufacturer relinquished control after designing, manufacturing and supplying the item).
In the present case Giant Lift is well within the class of protected actors contemplated by the Statute. While plaintiff attempts to portray Giant Lift as a manufacturer of mass-produced goods, he has not disputed the fact that Giant Lift custom designed this particular lift pursuant to Hyman’s specifications which themselves reflected the particular dimensions and characteristics of the Premises. Thus, Giant Lift provided the “particularized services” necessary for protection under the Statute, as discussed by Dighton. Furthermore, pursuant to Klein and Coumoyer, Giant Lift is entitled to protection under the Statute because it relinquished control of the Lift upon its design construction and delivery to the Premises. The record at summary judgment demonstrates that upon delivery of the Lift Giant Lift had no contact with the Lift for the entire seventeen-plus years leading up to plaintiffs accident.
The second prong of the Dighton test is determining whether or not the defendant’s acts constitute an “improvement to real properly” as contemplated by the Statute. Massachusetts courts have interpreted this phrase to mean “a permanent addition to or betterment of real properly that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Conley v. Scott Products, 401 Mass. 645, 647 (1988) (quoting Webster’s Third New International Dictionary 1138 (1971)); see also Dighton, 399 Mass. at 697; Cournoyer, 744 F.2d at 210. Applying this definition, Massachusetts courts have held that foam insulation, bleachers, and escalators constitute “improvements to real property” under the Statute. See Conley, 401 Mass. at 647 (foam insulation); McDonough v. Marr-Scaffolding Co., 412 Mass. 636, 640 (1992) (bleachers); Andella v. Westinghouse Elevator Co., Middlesex Super.Ct. C.A. No. 89-5431, Memorandum of Decision and Order on Defendant Westinghouse Elevator Company’s Motion for Summary Judgment, dated November 27, 1990 (escalator).
Applying this definition to the instant case, this Court holds that the Lift constitutes an “improvement to real property” under the Statute. The Lift is clearly a “permanent addition or betterment" which enhances both the usefulness and the value of the Premises.
Finally, this Court concludes that the Statute bars plaintiffs warranty claims because the elements of these claims are identical to his claims of negligence. To hold otherwise would allow plaintiff to circumvent the Statute which was designed to limit in full the liability of design professionals and contractors such as Giant Lift. Klein, 386 Mass at 719-20.
ORDER
It is therefore ORDERED that the motion for summary judgment of defendant, Giant Lift is ALLOWED