# RESCRIPT OPINIONS.

GIUSEPPE COLOMBA *vs.* FULCHINI PLUMBING. No. 01-P-327. May 7, 2003. *Repose, Statute of. Negligence,* Statute of repose. *Words,* "Improvement to real property."

Joseph Fulchini of Fulchini Plumbing[1] was hired by the plaintiff, Giuseppe Colomba, to install a replacement boiler in the basement of Colomba's two-family house. The work consisted of removing the old boiler and installing the new one in a space close to a wood partition. Seven years later, on or about November 15, 1997, the boiler dry fired and caused a conflagration resulting in substantial property damage. Colomba sued. Fulchini moved for summary judgment on the basis of G. L. c. 260, § 2B, and his motion was granted. Colomba appeals.

The question presented is whether G. L. c. 260, § 2B, as amended by St. 1984, c. 484, § 53, the so-called statute of repose, bars Colomba's complaint for negligence, breach of contract, and breach of warranty. The statute reads, in pertinent part: "[An a]ction of tort for damages arising out of any deficiency or neglect in the *design, planning, construction or general administration of an improvement to real property* . . . shall be commenced only within three years next after the cause of action accrues; provided, however, that in no event shall such actions be commenced more than six years after . . . the opening of the improvement to use . . ."[2] (emphasis added).

The motion judge ruled that the installation of a new boiler constituted an "improvement to real property" encompassed by G. L. c. 260, § 2B, and granted the defendant's motion for summary judgment on that basis.[3] This determination resolves only part of the inquiry. The protections of the statute of repose extend only to those who perform acts of " 'individual expertise' akin to those commonly thought to be performed by architects and contractors — that is to say, . . . parties who render particularized services for the design and construction of particular improvements to particular pieces of real property." *Fine* v. *Huygens, DiMella, Shaffer & Assocs.,* 57 Mass. App. Ct. 397, 402 (2003), quoting from *Dighton* v. *Federal Pac. Elec. Co.,* 399 Mass. 687, 696, cert. denied, 484 U.S. 953 (1987) (manufacturer of defective circuit

---

[1]Although there is an indication in the record that the defendant is a corporation, the named defendant is Fulchini Plumbing.

[2]Neither party raised the issue whether the triggering event of "the opening of the improvement to use" had occurred. Therefore, we do not consider it and decide the case on the issues briefed and presented by the parties.

[3]He also ruled that "the essence of [plaintiff's] contractual claims sound in breach of implied warranty of good workmanship, which is the functional equivalent of a claim for negligence."

breaker panel who did not claim to have rendered any particularized services with respect to design or construction of building in which component was installed could not claim protections of § 2B). Assuming without deciding that the installation of a new boiler enhanced Colomba's property so as to constitute a qualifying improvement, see, e.g., *Conley* v. *Scott Prods., Inc.,* 401 Mass. 645, 647 (1988) (defining improvement to real property under statute), on this record we cannot conclude that Fulchini's work in simply installing the boiler involved the type of "design, planning, construction or general administration" required by the statute of repose. G. L. c. 260, § 2B. The focus on "individual expertise" and "particularized services" has remained constant in our decisions since the seminal decision in *Dighton* v. *Federal Pac. Elec. Co., supra.* While we can imagine situations where a plumber would perform more expanded services that might bring him within the statute of repose, the mere installation of a boiler, and nothing more, does not qualify.

Although the materials that Colomba furnished in opposition to Fulchini's motion for summary judgment are less informative than one might wish, they provide an acceptable basis for us to conclude that Fulchini was not engaged in "the design, planning, construction or general administration of an improvement to real property." For his part, Fulchini filed nothing — and the record contains nothing — setting forth facts that unsettle that conclusion. In his deposition, Fulchini acknowledged that he did no structural work, designed nothing, and did no customization work of any kind. The policy reasons for the protection afforded by the statute of repose do not encompass the straightforward installation of a replacement boiler. See *Raffel* v. *Perley,* 14 Mass. App. Ct. 242, 246 n.9 (1982) (architects and other design professionals should be encouraged to experiment, and deal in inexact sciences requiring judgment to anticipate factors incapable of precise measurement). The record is devoid of any evidence of Fulchini's having provided the kind of individualized expertise performed by architects, design professionals, or contractors as contemplated by the statute.

Colomba's negligence claim is not barred by G. L. c. 260, § 2B. Neither are his claims for breach of warranty and of contract barred on that ground, although they may be subject to dismissal due to a statute of limitations. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

*Lauren A. Boice* for the plaintiff.
*Christine M. Tynan* for the defendant.