Connon, Richard F., J.
The Plaintiffs, Dana S. and Deborah A. Cusolito (the “Cusolitos”), filed this lawsuit when they discovered water damage to their home. They allege that Defendants Care Free Homes, Inc. (“CFH”) and its president, Dana J. Pickup (“Pickup”), negligently installed vinyl siding and breached implied and express warranties associated with said installation. CFH and Pickup impleaded Third-Party Defendant Orlando Pereira (“Pereira”) for contribution and indemnity. Pereira served as the subcontractor who installed the vinyl siding.[4] After CFH and Pickup conducted discovery, they learned that Vieira Builders, Inc. (“Vieira”) had replaced the roof on the Cusolitos’ home after installation of vinyl siding. CFH and Pickup then impleaded Vieira for contribution and indemnity based on their contention that Vieira’s negligent roof replacement caused the water damage.

BACKGROUND

The relevant facts, none of which are in dispute, are as follows. The Cusolitos entered a contract, dated September 22, 1997 with CFH for the installation of vinyl siding at their home on 386 Blacksmith Shop Road in Falmouth, MA.[5] CFH provided an express, written, ten-year warranty of its workmanship at that time.[6] CFH subcontracted the work to Periera, who installed the vinyl siding.[7] The Cusolitos report that CFH completed the siding installation within 1997 and early 1998.[8] CFH subsequently repaired a fallen piece of siding in September 1998[9] and recaulked a window in February 1999.[10] Vieira, hired separately by the Cusolitos, installed a new roof by July 2000.[11] Cusolito called CFH to repair a drip-edge in December 2001 that may have resulted from the replacement of the roof completed by Vieira.[12]
The Cusolitos filed their initial complaint against CFH and Pickup on August 16, 2005.[13] CFH learned of Vieira’s work on the Cusolitos’ home on May 10, 2005 when it deposed Dana Cusolito.[14] CFH served a deposition subpoena on Vieira thirteen months later.[15] CFH filed a motion with the court to bring a third-party action against Vieira on November 13, 2006[16] and then filed a complaint against Vieira in December 2006.[17]
The title to the property at 386 Blacksmith Shop Road has changed hands among the Cusolito family a number of times prior to 1993 and through 2007.[18] Dana and Deborah A. Cusolito held title to the property at the time they contracted for the vinyl siding installation in 1997.[19] They transferred the property to Debra M. Cusolito on September 30, 2004, who held title to the property at the time this lawsuit was filed on August 15, 2005.[20] Debra M. Cusolito then transferred title back to the plaintiffs on October 4, 2005.[21] Despite the changes in legal ownership, the plaintiffs have always physically resided at this property.[22]

DISCUSSION

A motion for summary judgment should be granted where it appears from the pleadings and evidentiary materials offered that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The party who files a motion for summary judgment bears the burden of affirmatively demonstrating the absence of a triable issue, thereby entitling that party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The party opposing the motion must respond and allege specific facts to establish the existence of a genuine issue of material fact. Id. at 17.
*522 Individuals and entities who provide improvements to real property remain exposed to tort and some warranty actions for no more than six years. Klein v. Catalano, 386 Mass. 701, 705 (1982). This limitation on the duration of liability, known as the “statute of repose” and codified at G.L.c. 260, §2B, “completely eliminates a cause of action against certain persons in the construction industry." Id. at 702. The statute of repose’s six-year limitation “impostes] an absolute limit on the time within which actions to which it refers must be brought, irrespective of when the plaintiff was injured or discovered the wrong.” Conley v. Scott Products, Inc., 401 Mass. 645, 646 (1988) (quoting Klein, 386 Mass. at 702). “Substantial completion of the improvement” marks the moment at which the Statute of Repose’s clock starts ticking. G.L.c. 260, §2B. Finally, with respect to timing, the relation-back doctrine does not abrogate the six-year limitation set in the statute. James Fenera & Sons, Inc. v. Samuels, 21 Mass.App.Ct. 170, 173-74 (1985) (timing of third-party complaint does not “relate back” to date of initial complaint).
The Supreme Judicial Court has held that entities that install siding enjoy the protections of G.L.c. 260, §2B. Salinsky v. Perma-Home Corp., 15 Mass.App.Ct. 193, 199 (1983). Roofing installation, by analogy, falls under the same protective shield provided by the statute of repose. Although the statute of repose applies principally to tort actions, the Supreme Judicial Court has extended the statute’s protection to breach of warranty claims when the underlying elements are akin to negligence. Klein, 386 Mass. at 718-20. Therefore, if an entity grants an express warranty with a term for more than six years, the warranty may only provide six years of protection, despite the express terms contained therein. Id. Determining whether the statute of repose limits the duration of the express warranty turns on the meaning of the express warranty. Id. (finding that an express warranty that warrants a certain standard of care is limited to six years whereas a warranty for a specific result lasts for the length of time provided by the warranty). A question of fact appears where a contract’s terms includes language open to two different interpretations. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002).
Since CFH and Pickup substantially completed the work on the Cusolitos’ home sometime during 1998, the statute of repose bars all negligence-based claims filed against them after January 2005. This Court grants CFH and Pickup’s motion for summary judgment as to Count I: negligence of the Cusolitos’ complaint. As to Count II: breach of warranty, CFH, not Pickup, issued the express warranty, and so the Court grants Pickup’s motion for summary judgment on Count II but denies CFH’s motion for summary judgment on this Count.
Since Vieira completed its work in July 2000, the statute of repose barred all negligence-based claims filed against it after July 2006. CFH and Pickup first learned of Vieira’s involvement in May of 2005 — over a year before the Statute of Repose prevented them from bringing a lawsuit Vieira. Therefore, the Court grants Vieira’s motion for summary judgment as to Count I and II of CFH and Pickup’s Third-party complaint against Vieira.

ORDER

For the forgoing reasons, it is hereby ORDERED that the Defendant/Third-party Plaintiffs Care Free Homes and Pickup’s motion for summary judgment on Count I of the Plaintiffs Complaint is ALLOWED. It is further ORDERED that Defendant/Third-party Plaintiff Pickup’s motion for summary judgment on Count II of the Plaintiffs Complaint is ALLOWED but Care Free Homes’ motion for summary judgment on Count II of the Plaintiffs Complaint is DENIED. It is further ORDERED that Third-Party Defendant’s Vieira Builders, Inc.’s motion for summary judgment as to Counts I and II of Defendant/Third-Party Plaintiffs’ Care Free Homes and Pickup’s Complaint is ALLOWED.

Periera has not filed any motions with the court at this time.

Docket Tab 1 (exhibit B) (CFH home repair contract).

Id. The warranty, hand-written into the contract, reads: “Care Free Homes Co warrantees all workmanship for 10 yrs.”

Docket Tab 49 (exhibit 8, Interrogatory of CFH by Vieira answer #2).

Docket Tab 48 (exhibit 4) (Depo. of Dana Cusolito page 114-15).

/d. at pages 218-19.

 Id. at page 222.

Docket Tab 49 (exhibit A, item #6) (Affidavit of James Vieira).

Id. at pages 222-23.

Docket Tab 1. Count I alleges negligence and Count II alleges breach of warranty.

Docket Tab 49, Defendant/Third-Party Plaintiff Care Free Homes, Inc. and Dana J. Pickup’s Response to Third-Party Defendant Vieira Builders, Inc.’s Statement of Material Facts and Legal Elements (Part II, nos. 7-8).

Id. at Part II, no. 9.

Id. at Part II no. 12.

Id. at Part II, no. 14.

Docket Tab 48, Affidavit of James H. Quark (attorney who has handled property transfers among Cusolito family).

Id.

Id.

Id.

Id.