Macdonald, D. Lloyd, J.
Before the Court is the motion for summary judgment of the defendant Gioioso Bros., Inc. (“Gioioso”). The claim arises from a February 2009 gas explosion in a residential neighborhood in Somerset. The plaintiff was killed in a fire caused by the explosion. Her estate is bringing the action. The theory of relief against Gioioso is that when in 1976 it was retained to install new sewer lines in the neighborhood and lateral connectors to homes along the sewer line, it negligently damaged a gas line adjacent to the plaintiffs residence. That damaged gas line allegedly caused the 2009 explosion.
Gioioso asserts that it is protected from liability because of the statute of repose, G.L.c. 260, §2B. The statute bars recovery “arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property” occurring more than six years after the work was performed. Here, more than 30 years passed between the performance of the work and injury to the plaintiff.
The Court follows a two-step inquiry before applying the statute of repose. First, the defendant must be a protected actor, which the statute defines as one who is involved in the design, planning, construction or general administration of improvement to real property. Dighton v. Federal Pacific Electric Co., 399 Mass. 687, 694 (1987). This actor must have “individual expertise” and provide “particularized services.” Id. at 696; Colomba v. Fulchini Plumbing, 58 Mass.App.Ct. 901, 902 (2003) (although an enhancement to real property, the installation of a boiler does not require particularized services).
The purpose of the statute is to encourage designers, such as architects or contractors, to experiment and create products that may be incapable of precise measurement. Colombo, 58 Mass.App.Ct. at 902 (citing Raffel v. Perley, 14 Mass.App.Ct. 242, 246 n.9 (1982)). “Suppliers and manufacturers are not included ... because those classes of persons can maintain high quality of performance through standardized production, unlike designers and builders, whose work relies heavily on individual expertise.” McDonough v. Marr Sccffolding Co., 412 Mass. 636, 641 (1992).
The second prong of the analysis requires evidence that there be an improvement to real property. Dighton, 399 Mass. at 696. The definition of “improvement” is construed broadly and often courts apply the dictionary interpretation, meaning “a permanent addition . . . that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.” Parent v. Stone & Webster Engineering Corp., 408 Mass. 108, 111 (1990) (citing Conley v. Scott Prods., Inc., 401 Mass. 645, 647 (1988)). Examples of improvements to real property include: construction on a public roadway, installation of an electrical panel, and installation *450 of bleachers in a skating rink. Id.; McDonough, 412 Mass. at 642; Milligan v. Tibbetts Engineering Corp., 391 Mass. 364, 367 (1984). The statute will not apply, however, to an ordinary and mass produced item that later becomes part of a larger improvement to real property. Dighton, 399 Mass. at 698.
Applying these standards, Gioioso’s work clearly falls within the statute. Gioioso is entitled to the protection of the statute. The installation of the sewer lines — even if negligently performed — comprise “construction, or general administration of an improvement to real estate.” Individual expertise and particularized services were provided. A permanent addition to the neighborhood was made, and it enhanced the value of the neighborhood.
Nevertheless, Gioioso is also alleged to have been aware at the time of the sewer installation of the damage caused to the gas line and that Gioioso fraudulently concealed it. Sullivan v. Iantosca, 409 Mass. 796, 798 (1991) (“the sun never sets on fraud”). See also North Middlesex Regional School District v. Bird Incorporated, Middlesex Superior Court, No 98-0192 (12/2/99) (Hillman, J.), and Chace v. Curran, 2005 WL 1668431 (Mass.Super.) at *8 (Fishman, J.) [19 Mass. L. Rptr. 498). There is evidence in the record that would support a reasonable jury’s conclusion that Gioioso was aware in 1976 that it caused damage to the gas line adjacent to the plaintiffs home. Thus, there is a material issue of fact as to the fraudulent concealment claim, and summary judgment cannot lie.
ORDER
The defendant Gioioso Bros., Inc.’s motion for summary judgment is DENIED.